The next case for argument is United States v. RaPower. It is docket 19-4089. We're ready for your argument when you're ready. Thank you. Denver Snuffer appearing on behalf of the appellants in this matter. This is a case in which a receiver was appointed in an underlying case in October of 2018. And then on May 3rd of 2019, the receivership added to it 13 additional parties, six of whom are the appellants in this case before you. Do we have any jurisdiction in this situation? I believe you do. Because the receivership estate was expressly divested, wasn't it, by the order itself, these individuals? As we pointed out in our brief, the receiver was appointed to take over the assets and to conduct and manage the companies. But Utah law allows the owners to assert rights in the name of the company. Well, but they were specifically divested by the court of any right to take action on behalf of the company. What significance is that? With the exception of appeals in this case, meaning in the underlying case, the corrected receivership order in paragraph 10 of that receivership order, which you can find in the appellant's appendix at page 6, carves out the ability of the defendants or any party affected by the order to appeal, which is exactly what we have done. Well, did your people move in the district court for leave to appeal? I don't believe we needed to. Well, did they move in the court for a stay? Or did they seek to intervene or seek to appeal in their own individual capacity? The procedure that was involved in the district court was a motion to enlarge the receivership to add these parties. The court entered that order with the opportunity for anyone who wants to to object within a time period. And they did. The six appellants here objected within the relevant time period. Didn't the order say specifically that no person shall possess an authority to act on behalf of the different entities? The receivership order in paragraph 10 states that no one, and it names the various parties at that point, on behalf of entity receivership defendants can make any court filings other than in this case or in the pending appeal of an order in this case. That gave the right to appeal that was the reason we had an earlier appeal 18-419 and 18-4150, which were consolidated. They're presently pending, aren't they? Correct. That was argued last September. We didn't get permission to do that.  Paragraph 10 of the corrected receivership order conferred the ability to file an appeal. We didn't ask for permission. We simply did it. The government responded and we went forward with a plenary appeal on that matter. Similarly, the rights that the parties that were added to the receivership are certainly no less than existed originally because it's entirely derivative from the earlier order. There's no additional alteration. It's simply derivative of the earlier receiver. He didn't get reappointed as a receiver. He continued in the role of the capacity of the receiver with all of the rights and all of the limitations that existed in the prior order. That gave these appellants the right to file this appeal. Well, isn't that language you rely on directed at Johnson and Shepard specifically? I think it's directed to receivership defendants, which, by incorporation and extension of the receivership, these parties became. Well, then paragraph 5 of the affiliated order means nothing. No, I think paragraph 5 of the affiliated order extends the receivership to include new parties. Well, it also provides that no person shall possess any authority to act by or on behalf of the affiliated entities. And isn't that what this appeal is doing? You're appealing essentially on behalf of the affiliated entities. Well, this appeal on behalf of the affiliated entities is in compliance with the original receivership order. And I believe the authority to pursue an appeal, I mean, what sense does it make if you can deprive people of all their assets, if you can remove their management, if you can remove their counsel, and you do not give them the ability at any point to ever challenge that until after all of their assets have been disposed of, at which point it is impossible for them to do anything to vindicate their rights. Unless you had moved them to the district court for leave to appeal, or moved for a stay, or sought specifically to intervene as individuals. The way that the district court constructed the matter was, here is the order, if you would like to object. That's the original order. That's the original order, to which there was an objection filed. The objection pointed out the defect with the procedure that was being employed. Then the court said, we're overruling the objection. At that point, under paragraph 10, an order of the court is appealable. That's of the original order. Correct. And nobody appealed the appointment of the receivership initially. Oh, yes, we did. But that was in the earlier appeal that was argued last September. Mr. Snuffer, relative to the appeal of the original receivership order and its relationship to this appeal, I take it that a decision on that appeal should precede a decision on this appeal. Would you agree? In other words, doesn't this appeal hinge to a certain extent on how that one comes out? Depending upon how it comes out, if it comes out that the earlier matter inappropriately appointed a receiver, it would render this moot. And so, in that sense, it could dramatically affect and render this an unnecessary appeal. If, however, it does not come out in a way that will render this matter moot, then this matter would need also to be decided. But it would not need to be decided if the earlier decision of the court is not upheld. Thank you. In any event, on May the 3rd of 2019, as to the appellants, that was the very first appointment of a receiver. One of the arguments that's being made about jurisdiction is that the appeal should have reckoned from the appointment in October of 2018, whereas the October 2018 appeal did not affect the six appellants that are before you in this matter. They had no basis upon which to complain because they were unaffected. It was not until May the 3rd of 2019 that the receivership was extended, and therefore the right under 1292A2 to file an appeal attached for the first time for these six appellants. In addition, under Utah law, the case we cited of Banyan v. Evans, owners can protect their ownership interest by appealing in the name of the company, even though the company may stand adverse to the owners at that point, as is the case here with the receivership. There's no question that the receiver is not going to do anything to challenge his own receivership. In our view, didn't Exxon Energy and the other affiliated entities actually file a response opposing the receiver's motion? They filed a response challenging the sufficiency of the process, the sufficiency of service of process, and the right that was being deprived of them to a plenary hearing. I think that you've touched on one of the matters that I wanted to point out. In the Ninth Circuit case, SEC v. Universal Financial, the obligation I think that the parties had at the time that they were objecting is best stated in that case. Investors cannot explain how the summary proceedings differed from the process. They would have received in a plenary suit. Their challenge to the district court's exercise of summary judgment must fail. In this matter, what we have done is to show that if there had been a plenary proceeding, there would have been an abundant number of steps that would have protected the interests of the appellants. I also want to point out that the SEC v. VESCOR case is repeatedly cited by the receivers' council as justifying extraordinarily broad authority on the part of a receiver to do what they want to do. However, in an unpublished decision by the Tenth Circuit in August of 2013, that same case has been up before you repeatedly. This particular one was not published, but it is nevertheless a decision that describes what the broad power is. In the case of Wing v. Buchanan, the court explained SEC v. VESCOR broad discretion relates to the distribution of the receivership assets. This isn't a case involving distribution. This is a case involving wholesale deprivation of their property. Thank you. I'd like to reserve the remaining time for rebuttal. May it please the Court. My name is Michael Lair. I'm here on behalf of the Court Appointed Receiver, Wayne Klein. And I'd like to begin with the jurisdiction question that was raised. Can you speak into the mic a little bit? Excuse me. Sorry. Okay. Thank you. I'd like to speak specifically to the jurisdiction question that Judge Kelly was raising earlier. I'd point you to the language of the paragraph 10 of the receivership order that was referenced by Appellant's counsel. As Judge Kelly pointed out, that specifically says, neither Johnson nor Shepard, nor anyone acting on their behalf, shall make any court filings or submissions to the government entities on behalf of the receivership defendants, other than in this case or in the pending appeal of an order of this case. There's two reasons why that doesn't apply to this appeal, that carve-out language. The first is that it specifically names Johnson and Shepard as the individuals or those acting on behalf of them to appeal on this case. It just simply doesn't make sense for the court to add them specifically while at the same time allowing anyone to appeal on behalf of these entities. The doctrine, the statutory interpretation doctrine of surplusage and expression unis would point to, there'd be no reason for including them in this way unless it actually means something. The second part here that's important is the language regarding the pending appeal. When this order was entered on October 31st, 2018, there was two pending appeals in this case. There was appeals pending which have been discussed. You're going to have to speak into the mic, okay? I'm sorry. You get away from it and you disappear. I'm sorry. I apologize, Your Honor. That's right. As I was saying, this is discussing the language regarding the pending appeals in this case. When this order was filed on October 31st, 2018, there were two pending appeals at the time. Pending means currently. Pending. Continuing, right? One of those appeals is number 18-419, filed on August 27th, 2018. The other one is October 10th, 2018 was filed. That's appeal number 18-450. Those two, the sentence in that carve-out provision is strictly limited to Johnson & Shepherd and here to those two pending appeals as the language clearly indicates. As Judge Kelly also recognized, the language of the affiliates order is clear in paragraph 5 that no person holding any claim or position of any sort with any affiliated entities shall possess any authority to act on behalf of these entities. This appeal was brought on behalf of the entities, not on behalf of their individual capacity, they didn't move the district court for a stay or to have the ability to appeal. It was brought as the notice of appeal states on behalf of the entities. That was not allowed under this order. Does that really handicap them then? They're just stuck? As the court discussed, and we discussed in our briefing here, Your Honor, the SEC v. Quest Energy Court discusses a number of ways that they can seek to appeal and those are as discussed. They may have a right to do that in their individual capacities. They can petition the court for a stay and pending appeal. They can ask the court if they can appeal, but none of those were followed here. They just summarily filed the notice of appeal on behalf of the entities when they didn't have the authority to do that. To answer your question, it doesn't necessarily handicap them from filing any appeals. It just creates a little bit of extra process on that end. We also talk about how the court, under 28 U.S.C. 1292A2, the interlocutory appeal statute should be interpreted narrowly. In this case, it doesn't allow for an appeal. That's because, as Judge Matheson pointed out, the reason that it has to be interpreted narrowly is because there's disruptive piecemeal appeals that are perhaps not necessary as counsel for the appellants admitted could happen. In this case, if the opinion comes out tomorrow regarding the earlier appeal and dismisses the appeal and affirms the decision below, this appeal would be wholly unnecessary. You guys wouldn't have to even think about this anymore. Your honors wouldn't have to think this anymore. That's another reason why the authority to appeal this order came from not from the affiliates order, but from the receivership order originally. As stated in the briefing, that order specifically allows, specifically actually appoints the receiver over the receivership entities and any subsidiaries and affiliated entities. Now, what happened in this case was the receiver was appointed over those entities but this extra process was outlined in the receivership order, which required the receiver to file a report and recommendation on these entities to show if they derived their funds from the abusive tax scheme that was found by the district court. Here he found that, and then the order was entered after a motion. Under that logic, there is no jurisdiction to appeal under 28 U.S.C. 1292. Now, your honors, I'd like to turn to due process if you don't have any questions regarding jurisdiction. Okay. So here, it's important to understand the context when we're talking about due process here. This, what happened in this case was that the United States government brought a lawsuit against certain entities and individuals alleging violations of the tax code. There was a 12-day trial. There was 140-page, 144-page order finding that defendants engaged in a massive fraud, that the solar energy scheme was clearly a complete sham. The whole purpose of the entities was to perpetuate fraud and enable funding for Nelvin Johnson, including in that order, in the 144-page order, Appellant SoCo1 and Exxon Energy existed for that purpose. That's in the underlying 144-page order here. The receivership order was then entered a couple months later, on October 31st, 2018, and as I mentioned earlier, appointed Wayne Klein as receiver over all receivership defendants and any subsidiaries and affiliated entities. That order also, as I mentioned before, instructed the receiver to investigate the source of assets and funds that these affiliated entities had and where those assets came from. The receiver did that. He filed a 53-page report here outlining every entity that was, all 13 entities including all of the appellants here, that showed that the operations of affiliated entities were all related to the fraudulent tax scheme, that they shared common members, owners, principles, that in many instances, the only assets of the affiliated entities were assets that were derived from the solar energy scheme and receivership defendants. The receiver then filed a motion. That motion was opposed by appellants, by three of the appellants today. They opposed that motion. The court, the receiver filed a reply. The court entered its order extending the receivership explicitly to these appellants. Then they were given an extra process of an extra time to appeal. The court, knowing that they had made due process objections, knowing that they thought that there was a due process issue here, allowed them another instance of process to present any evidence whatsoever that these entities, that what the receiver said was not true, that to present any evidence at all about the source of funding or anything, they again simply objected on the basis of due process. The court overruled those objections. So that's where we're at. Could I just ask you, sort of putting this in due process terminology, could you speak specifically to the notice question? That is, did all of the affiliated entities, including those who didn't oppose the motion, that would be Black Knight, Starlight, NP, JFLP, were they on notice of the motion to expand to include the affiliated entities? Your Honor, I think, number one, I think they necessarily were. It has never been raised by appellants that they, other than summarily stating that notice there was no notice, never raised by them that there was actually no notice by those entities. But also, if you look at the directors and the officers and the managers of these entities, they're the same as in the receivership defendants, the same managers, the same directors, the same members of receivership defendants in the underlying case. Their attorneys received ECF filings on this basis. LeGrand Johnson, who has submitted filings in this case throughout, especially since the receiver has been appointed, has been represented in getting ECF filings through his attorneys. And he is the sole member of Ex-Son, and he is also a member or owner or director of any of the entities that we have, any of the appellant entities that are here today. So I think the question of notice in that case, actual notice, is shown. And I would also point to the fact that actual notice here is not necessarily required, although I think it's shown here. Council, they're also arguing beyond the notice question, is that they wanted a pre-deprivation hearing. That's their due process argument. And they are losing control over their property through the expansion of the receivership order. So why wouldn't they be entitled under just basic due process, Matthews against Eldridge principles? Why shouldn't they have had a hearing? Your Honor, forgive me, when you say hearing, do you mean an opportunity to oppose the motion, or are you talking about an actual physical hearing in the district court? Well, if I'm understanding their due process argument, my understanding is that they wanted a hearing before, a pre-deprivation hearing, a hearing before the expansion order was entered. Now, am I misunderstanding their claim, or how do you understand it? I understand them to be claiming that they believed anything short of a full lawsuit filed against their clients with the service of a summons, with the opportunity to call experts, with discovery, I understand their argument to be, unless they got all those opportunities, due process was not met in this case. They certainly had an opportunity for a hearing under Matthews v. Eldridge. They had notice of the hearing, and indeed they opposed the motion that the court had. So under a strict notice and opportunity for hearing, I mean, I think that's clearly followed here. Their argument is that they should have, the opportunity they had for a hearing was deficient in some ways. Did they challenge the factual findings in the 53-page report? They have never submitted any evidence. They never challenged any factual findings. The district court judge gave them an extra opportunity to do that with the objections after they had already filed an opposition and found that they made no substantive arguments as to any facts or evidence in this case. They've only argued due process. And again, to go, going into the authority of a court in a receivership, I think it makes good sense for the wide discretion that district courts have here that the 10th Circuit has found. And that's because in many cases in receiverships, such as this one, there are many entities where assets are dispersed to try to defraud creditors, as the district court has found and has not found, has not been challenged here, that money was dispersed and assets were dispersed to defraud creditors. And the district courts need broad powers to be able to get that back and get money of the receivership estate in the hands of the receivers so it can be distributed back at the end of the receivership. That's why the courts have found in receiverships, once you reach that level, receiverships are hard to get. They require a substantial finding. The government made that here. Once a receiver is appointed, the district court needs that broad authority to administer justice in this case. And indeed, I would also point this court to the Quest Energy case. There, where this was done, the court said in the facts there, over the course of four years, the district court granted 10 motions to expand the scope of the receivership to include additional entities. It was done four times in that case. Never found, never challenged that that was absent of due process, that that violated due process. The court in footnote 10 of its order cites 13 cases where subsidiaries and affiliates are put in receiverships along with receivership defendants. This is a common practice in receiverships. Due process, as we've talked about, requires notice and an opportunity to be heard. What appellants are saying here, they're not saying they didn't get notice and an opportunity to be heard. They're saying that the opportunity to be heard was deficient, that it should have happened in a full lawsuit. And there's no case law that supports that. If there aren't any further questions, I think that's my time. Thank you. I had an opportunity while I was arguing to take a look at the order that was entered that you inquired about adding these parties as receivership entities. Paragraph 12 of that says all other provisions of the corrected receivership order shall apply to the affiliated entities, and therefore I believe that paragraph 10 of the receivership order would have the effect of conferring upon the affiliated parties the same right to appeal. As to the due process argument that was addressed, the receiver's motion includes this language. He readily acknowledges that there is much information he does not have and that there may be documents or financial records that warrant different conclusions than the ones he has reached. If you look at the motion throughout, he says things like he believes, or he suspects, or he has drawn the conclusion that, or he surmises. He does not base it upon a plenary hearing with a plenary record, which was our objection about the deficiency of the summary judgment. Nothing in the record shows that any tax benefits involved any of these appellants. The appellants and the defendants are separate entities. On the question that was asked by Judge Matheson, in our corporate disclosure statement in the opening brief, it is apparent that none of the entities that got added were defendants, nor owned by defendants, and there is no proof of any service of any notice upon any of these entities. The judge's order simply said to the universe in general, anyone within the universe that would like to object may do so. We objected on behalf of these six appellants solely for the purpose of showing there's insufficiency of process, insufficiency of service of process, and a deprivation of due process if we don't go forward. In 2012, the U.S. government, IRS, came in and served a search warrant and took possession of all the records of the various defendants in the other case. Many of those records were never returned, and the receiver has indicated that he has not received all of the records in the possession of the Department of Justice. Plenary proceedings would have allowed us to discover what records do exist and to address this matter on the merits. Thank you. Thank you for your arguments. The case is submitted and counsel is excused.